AO 245B (Rev. 09/08)  Sheet 1 - Judgment in a Criminal Case

# United States District Court
## Southern District of Ohio at Columbus

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| **CHRISTOPHER J. LOSCHIAVO** | Case Number: **2:15-CR-26** |
| | USM Number: 72764-061 |

BARSHAUNDA ROBINSON/RASHEEDA KHAN
_____
Defendant's Attorney

## THE DEFENDANT:

[✔]    pleaded guilty to count(s): <u>One of the Information</u> .
[ ]    pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ]    was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:2252(a)(2) | Distribution of Child Pornography | 01/14/13 | One |

The defendant is sentenced as provided in pages 2 through  6  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]    The defendant has been found not guilty on counts(s)  ___ .

[ ]    Count(s) ___ (is)(are) dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and the United States Attorney of material changes in the defendant's economic circumstances.

November 4, 2015
_____
Date of Imposition of Judgment

*s/George C. Smith*
_____
Signature of Judicial Officer

**GEORGE C. SMITH**, United States Senior District Judge
_____
Name & Title of Judicial Officer

November 16, 2015
_____
Date

AO 245B (Rev. 09/08)  Sheet 2 - Imprisonment

CASE NUMBER:        2:15-CR-26                                    Judgment - Page 2  of  6
DEFENDANT:          CHRISTOPHER J. LOSCHIAVO

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **72 months** .

[X]     The court makes the following recommendations to the Bureau of Prisons:
        **THE DEFENDANT BE DESIGNATED TO THE FEDERAL MEDICAL FACILITY IN LEXINGTON, KY.  (See medical history summary attached to the Statement of Reasons, Presentence Report and filed via EDesignate)**

[ ]     The defendant is remanded to the custody of the United States Marshal.

[ ]     The defendant shall surrender to the United States Marshal for this district.
        [ ] at ___ on ___.
        [ ] as notified by the United States Marshal.

[✔]     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
        [ ] before 2:00 p.m. on _.
        [✔] as notified by the United States Marshal but no sooner than
        [ ] as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

        Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.

                                                    _____
                                                    UNITED STATES MARSHAL

                                            By  _____
                                                    Deputy U.S.  Marshal

AO 245B (Rev. 09/11)  Sheet 3 - Supervised Release

CASE NUMBER:        2:15-CR-26                                        Judgment - Page 3  of  6
DEFENDANT:          CHRISTOPHER J. LOSCHIAVO

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **20 years** .


The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.

[ ]        The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✔]        The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

[✔]        The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[✔]        The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[ ]        The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without permission of the court or probation officer;
2)   the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;;
3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)   the defendant shall support his or her dependants and meet other family responsibilities;
5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons;
6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)   the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 09/11)  Sheet 3 - Supervised Release

| | | |
|---|---|---|
| CASE NUMBER: | 2:15-CR-26 | Judgment - Page 4 of 6 |
| DEFENDANT: | CHRISTOPHER J. LOSCHIAVO | |

# SPECIAL CONDITIONS OF SUPERVISED RELEASE

## <u>SEE SPECIAL CONDITIONS ATTACHED (Page 5)</u>

AO 245B (Rev. 09/08)  Sheet 5 - Criminal Monetary Penalties

| | | |
|---|---|---|
| CASE NUMBER: | 2:15-CR-26 | Judgment - Page 5  of  6 |
| DEFENDANT: | CHRISTOPHER J. LOSCHIAVO | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ | $ 4,000.00 |

[ ]   The determination of restitution is deferred until _.  An amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

[✔]   The defendant must make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment unless specified otherwise in the priority order of percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | *Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Carol L. Hepburn "In trust for Sarah" 2722 Eastlake Ave E, Ste 200 Seattle, WA 98102 | 2,000.00 | 2,000.00 | |
| Lenahan Law, PLLC, fbo Angela 2655 Villa Creek, Ste 222 Dallas, TX 75234 | 2,000.00 | 2,000.00 | |
| TOTALS: | $ $4,000.00 | $ $4,000.00 | |

[ ]   Restitution amount ordered pursuant to plea agreement  **$____**

[]   The defendant must pay interest on restitution and a fine of more than $2500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[✔]   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

[✔]   The interest requirement is waived for the     [] fine     [✔] restitution.

[ ]   The interest requirement for the     [] fine     [] restitution is modified as follows:

 * Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 09/08)  Sheet 6 - Criminal Monetary Penalties

CASE NUMBER:        2:15-CR-26                                                    Judgment - Page 6  of  6
DEFENDANT:          CHRISTOPHER J. LOSCHIAVO

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A    [✔]   Lump sum payment of $ $4,100.00 due immediately.
           [ ] not later than   or
           [ ] in accordance with     [ ] C,    [ ]  D,  [ ] E, or     [ ] F below; or

B    [✔]   Payment to begin immediately (may be combined with     [ ]  C    [ ]  D, or    [✔]  F below); or

C    [ ]   Payment in equal  installments of $ over a period of , to commence  days after the date of this judgment; or

D    [ ]   Payment in equal  installments of $ over a period of , to commence  days after release from imprisonment to a
           term of supervision; or

E    [ ]   Payment during the term of supervised release will commence within   (e.g., 30 or 60 days) after release from
           imprisonment. The Court will set the payment plan based on an assessment of the defendant's ability to pay at
           that time; or

F    [✔]   Special instructions regarding the payment of criminal monetary penalties:

     [✔]   If the defendant, while incarcerated, is working in a non-UNICOR or grade 5 UNICOR job, the defendant  shall
           pay $25.00 per quarter toward defendant's monetary obligation. If working in a grade 1-4 UNICOR job, defendant
           shall pay 50% of defendant's monthly pay toward defendant's monetary obligation. Any change in this schedule
           shall be made only by order of this Court.

     [✔]   After the defendant is released from imprisonment, and within 30 days of the commencement of the term of
           supervised release, the probation officer shall recommend a revised payment schedule to the Court to satisfy
           any unpaid balance of the monetary penalty. The Court will enter an order establishing a schedule of payments.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary
penalties is due during imprisonment. All criminal penalties, except those payments made through the Federal Bureau of
Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]   Joint and Several (Defendant and Co-Defendant names and Case Numbers, Total Amount, Joint and Several Amount and corresponding
      payee, if appropriate.):

[ ]   The defendant shall pay the cost of prosecution.
[ ]   The defendant shall pay the following court cost(s):

[✔]   The defendant shall forfeit the defendant's interest in the following property to the United States:
           PROPERTY AS DESCRIBED IS FORFEITURE A OF THE INFORMATION

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest; (4) fine
principal; (5) fine interest; (6) community restitution; (7) penalties; and (8) costs, including cost of prosecution and court
costs.

## SPECIAL CONDITIONS OF RELEASE

1) The defendant shall participate in a sexual offender treatment program, to include a sex offender risk assessment, psycho-sexual evaluation and/or other evaluation as needed.  The defendant shall also be subject to periodic polygraph examinations at the discretion and direction of the probation officer and at the defendant's expense, based on the probation officer's assessment of the defendant's ability to pay.  He shall follow the rules and regulations of the sex offender treatment program as approved by the probation office.  The defendant shall sign all necessary authorization forms to release confidential information so that treatment providers, the probation officer, polygraph examiners, and others (as necessary) are allowed to communicate openly about the defendant's course of treatment, and progress in treatment.  He shall make a co-payment for sex offender treatment services not to exceed $25 per month, which is determined by the probation officer's assessment of the defendant's ability to pay.

2) The defendant shall have no contact with any minors with the exception of the defendant's own children.  The term contact extends to all forms of communication such as email, telephone, text, letter, and any other form of electronic communication.  This provision does not encompass persons under age 18 such as ticket vendors, cashiers, or waiters with whom he must deal with in order to obtain normal commercial services.  He shall be prohibited from loitering where minors congregate, such as, but not limited to, playgrounds, arcades, amusement parks, recreation parks, sports events involving minors, shopping malls, and public swimming pools.

3) The defendant's residence and employment shall be pre-approved by the probation officer, and must be in compliance with state and local law.

4) The defendant shall not view or possess material, images, videos or computer files containing sexually explicit conduct as defined by 18 U.S.C. §§ 2256(2)(A) and (B).

5) In consideration of 18 U.S.C. § 3583(d)(3), the defendant shall submit and/or surrender any media device, to which they have access and/or control, to a search based on reasonable suspicion of contraband or evidence of a violation of a condition of supervision.  A media device is defined as, but not limited to, any device which is capable of accessing

internet, storing images, text, or other forms of electronic communication.

6) The defendant shall register, and keep the registration current, in each jurisdiction where the defendant resides, where he is an employee, and where the defendant is a student. For initial registration purposes only, the sex offender shall also register in the jurisdiction in which convicted, if such jurisdiction is different from the jurisdiction of residence (42 U.S.C. § 16913(a)).

If the state of residence is not accepting sex offender registrations pursuant to the Sex Offender Registration and Notification Act (SORNA) and unable to accept the defendant's registration, the defendant must maintain contact with state registration authorities and his or her probation officer to determine when such registration can be accepted. The duty to register may continue after expiration of the defendant's federal supervision, and any existing duty to register under state law is not suspended and will remain in effect until the state implements the SORNA of 2006. If the defendant's supervision transfers to another federal district, his duty to register as required by SORNA shall be governed by that district's policy and laws of that state.

7) The defendant shall submit to the installation of software, and to monitor computer activities on any computer the defendant is authorized to use at the defendant's expense. The software will record any and all activities on the defendant's computer. The software will be checked on a periodic basis. He has no expectations of privacy regarding computer use or information stored on the computer and shall make other users of said computer aware of the monitoring software. The defendant understands that any information gathered by said software may be used against him in subsequent Court actions regarding the defendant's computer use and the conditions of supervision. Furthermore, the defendant shall comply with the rules set forth in the Computer and Internet Monitoring Agreement and the Computer and Internet Acceptable Use Agreement as adopted by the Southern District of Ohio.

8) The defendant shall participate in a program of testing and treatment for alcohol and controlled substance abuse, as directed by the U.S. Probation Office, until such time as the defendant is released from the program by the probation office. The defendant will make a co-payment for

treatment services not to exceed $25 per month, which is determined by the defendant's ability to pay.

9) The defendant shall participate in a program of mental health assessment and/or counseling, as directed by the United States Probation Office, until such time as the defendant is released from such program by the probation office.  The defendant will make a co-payment for treatment services not to exceed $25 per month, which is determined by the defendant's ability to pay.